# EXHIBIT A

| **CIVIL ACTION COVER SHEET** | DOCKET NUMBER<br>2181CV01106 | **Trial Court of Massachusetts**<br>**The Superior Court**  |
|---|---|---|
| | | COUNTY **Middlesex Superior Court (Lowell)** |

| Plaintiff | Justin Urban | Defendant: | Zurich American Insurance Company |
|---|---|---|---|
| ADDRESS: | 46-280 Kahuhipa Street, Kaneohe, Hawaii | ADDRESS: | 1299 Zurich Way, Schaumburg, Illinois |
| | | | and 100 High Street, Suite 1400, Boston, MA |
| **Plaintiff Attorney:** | Richard J. Sullivan | **Defendant Attorney:** | |
| ADDRESS: | Sullivan & Sullivan, LLP, 83 Walnut Street, Wellesley, MA 02481 | ADDRESS: | |
| BBO: | 554085 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☐ YES   ☒ NO |

*If "Other" please describe:   Violation of Ch. 176D and 93A

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

**RECEIVED**

5/18/2021   JP

                         Subtotal (1-5):   **$0.00**

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)   $962,049.79

Loss of insurance proceeds and interest (not including multiple damages for wilful and knowing violation of 93A/176D)

                    TOTAL (A-F):   **$962,049.79**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Plaintiff suffered serious injuries in motorcycle accident. Defendant engaged in bad faith insurance claims practices by failing to make reasonable offer of settlement in a timely fashion, forcing plaintiff to litigate case and was awarded $1,420,679.13.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 5/18/2021

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____   Date: 5/18/2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth,
   Municipality, MBTA, etc.                                      (A)
AB1 Tortious Action involving Commonwealth,
   Municipality, MBTA, etc.                                      (A)
AC1 Real Property Action involving
   Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
   Municipality, MBTA, etc.                                      (A)
AE1 Administrative Action involving
   Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials                    (F)
A02 Goods Sold and Delivered                          (F)
A03 Commercial Paper                                  (F)
A04 Employment Contract                               (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1          (F)
A06 Insurance Contract                                (F)
A08 Sale or Lease of Real Estate                      (F)
A12 Construction Dispute                              (A)
A14 Interpleader                                      (F)
BA1 Governance, Conduct, Internal
   Affairs of Entities                                (A)
BA3 Liability of Shareholders, Directors,
   Officers, Partners, etc.                           (A)
BB1 Shareholder Derivative                            (A)
BB2 Securities Transactions                           (A)
BC1 Mergers, Consolidations, Sales of
   Assets, Issuance of Debt, Equity, etc.             (A)
BD1 Intellectual Property                             (A)
BD2 Proprietary Information or Trade
   Secrets                                            (A)
BG1 Financial Institutions/Funds                      (A)
BH1 Violation of Antitrust or Trade
   Regulation Laws                                    (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract     (A)
D02 Reach and Apply                        (F)
D03 Injunction                             (F)
D04 Reform/ Cancel Instrument              (F)
D05 Equitable Replevin                     (F)
D06 Contribution or Indemnification        (F)
D07 Imposition of a Trust                  (A)
D08 Minority Shareholder's Suit            (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                             (A)
D11 Enforcement of Restrictive Covenant    (F)
D12 Dissolution of a Partnership           (F)
D13 Declaratory Judgment, G.L. c. 231A     (A)
D14 Dissolution of a Corporation           (F)
D99 Other Equity Action                    (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
   Incarcerated Party                      (A)
PB1 Tortious Action involving an
   Incarcerated Party                      (A)
PC1 Real Property Action involving an
   Incarcerated Party                      (F)
PD1 Equity Action involving an
   Incarcerated Party                      (F)
PE1 Administrative Action involving an
   Incarcerated Party                      (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
   Injury/Property Damage                  (F)
B04 Other Negligence - Personal
   Injury/Property Damage                  (F)
B05 Products Liability                     (A)
B06 Malpractice - Medical                  (A)
B07 Malpractice - Other                    (A)
B08 Wrongful Death - Non-medical           (A)
B15 Defamation                             (A)
B19 Asbestos                               (A)
B20 Personal Injury - Slip & Fall          (F)
B21 Environmental                          (F)
B22 Employment Discrimination              (F)
BE1 Fraud, Business Torts, etc.            (A)
B99 Other Tortious Action                  (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential          (X)
S02 Summary Process - Commercial/
   Non-residential                         (F)

**RP Real Property**

C01 Land Taking                            (F)
C02 Zoning Appeal, G.L. c. 40A             (F)
C03 Dispute Concerning Title               (F)
C04 Foreclosure of a Mortgage              (X)
C05 Condominium Lien & Charges             (X)
C99 Other Real Property Action             (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding           (X)
E97 Prisoner Habeas Corpus                 (X)
E22 Lottery Assignment, G.L. c. 10, § 28   (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
   G.L. c. 30A                             (X)
E03 Certiorari Action, G.L. c. 249, § 4    (X)
E05 Confirmation of Arbitration Awards     (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9    (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8    (X)
E08 Appointment of a Receiver              (X)
E09 Construction Surety Bond, G.L. c. 149,
   §§ 29, 29A                              (A)
E10 Summary Process Appeal                 (X)
E11 Worker's Compensation                  (X)
E16 Auto Surcharge Appeal                  (X)
E17 Civil Rights Act, G.L. c.12, § 11H     (A)
E24 Appeal from District Court
   Commitment, G.L. c.123, § 9(b)          (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56          (X)
E95 Forfeiture, G.L. c. 94C, § 47          (F)
E99 Other Administrative Action            (X)
Z01 Medical Malpractice  - Tribunal only,
   G.L. c. 231, § 60B                      (F)
Z02 Appeal Bond Denial                     (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12     (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)     (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. No. 2181CV01106

**RECEIVED**

5/18/2021     JP

|  |  |
|---|---|
| JUSTIN URBAN,<br>        Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE<br>COMPANY,<br>        Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### PARTIES

1.    The plaintiff, Justin Urban (hereinafter "the plaintiff"), is an individual who, at all times material, resided at 16 Dartmouth Drive, Billerica, Middlesex County, Massachusetts and currently resides at 46-280 Kahuhipa Street, Kaneohe, Hawaii.

2.    The defendant, Zurich American Insurance Company (hereinafter "Zurich") is an insurance company doing business in the Commonwealth of Massachusetts with a principal place of business at 1299 Zurich Way, Schaumburg, Illinois, and is engaged in the business of insurance including claims settlement.

### FACTS

3.    On or about September 12, 2014, the plaintiff was involved in a motor vehicle accident at the intersection of Boston Road and Treble Cove Road in Billerica, Middlesex County, Massachusetts in which he sustained serious personal injuries.

4.    On or about September 12, 2014, Keith Weston, during the course and scope of his employment for Interstate Electrical Services Corporation, was operating a company vehicle at the intersection of Boston Road and Treble Cove Road in Billerica, Middlesex County, Massachusetts when it impacted the motorcycle operated by the plaintiff.

5.    As a result of the September 12, 2014 incident, the plaintiff suffered serious personal injuries, including: left hip fracture-dislocation; left open humerus fracture; left Monteggia fracture-dislocation; left type 3C open tibia-fibula fracture; left foot and

ankle extensive laceration; post-traumatic left radial nerve palsy; right L3 transverse process fracture; and thoracic/abdominal/pelvic trauma, including splenic laceration, right renal laceration, liver contusion, and pelvic hematoma.

6. As a result of the injuries he sustained on September 12, 2014, the plaintiff was hospitalized for approximately 26 days, underwent multiple surgeries through May of 2016 and incurred in excess of $318,000 in medical bills as well as a lost earning capacity of approximately $25,000.

7. At the time of the motor vehicle incident of September 12, 2014, Zurich provided liability insurance coverage to Keith Weston and Interstate Electrical Services Corporation.

8. Following the injury, the Plaintiff filed a claim with Zurich to recover damages under the policy.

9. On September 24, 2014, through counsel, plaintiff placed Zurich on notice of his claim through Zurich's agent, George Butler Adjusters, Inc., and pursuant to Massachusetts General Laws Chapter 175, Section 112C, made a demand for the amount of the policy limits of Zurich's insured's liability coverage.

10. On September 30, 2014, Zurich's agent, George Butler Adjusters, Inc., responded to plaintiff's counsel acknowledging the plaintiff's claim and stating that there was $1,000,000 in liability coverage per occurrence.

11. On or about November 29, 2016, plaintiff submitted a demand to Zurich, for what plaintiff believed to be the full amount of insurance coverage available to Keith Weston and Interstate Electrical Services Corporation, in the amount of $1,000,000.

12. Plaintiff's November 29, 2016 demand package included medical bills totaling in excess of $318,000, the associated medical records, a report from accident reconstructionist Kerry Alvino and a narrative medical report of Dr. David Morley.

13. Plaintiff's November 29, 2016 demand package established that both liability and damages were reasonably clear with respect to the September 12, 2014 incident.

14. On or about February 23, 2017, Zurich responded to the plaintiff's demand with an offer of $100,000.

15. As a direct result of Zurich's bad faith offer, plaintiff was forced to file a personal injury lawsuit against Keith Weston ("Weston") and Interstate Electrical Services Corporation ("Interstate") on or about March 16, 2017.

16. Between March 16, 2017 and May of 2018, discovery was conducted which only further established the clear liability of Weston and Interstate and the clear damages of the plaintiff.

17.   Despite discovery only solidifying the plaintiff's position on liability and damages, Zurich failed to make any additional offer as required under Massachusetts law.

18.   On January 27, 2021, in an email from counsel for Weston and Interstate to the Court, plaintiff learned for the first time that there was an excess insurance carrier. No further information regarding the identity of that carrier or the amount of coverage has been provided to the plaintiff despite plaintiff's requests.

19.   On February 11, 2021, two weeks before the start trial, Zurich, through defense counsel for Weston and Interstate, made a Rule 68 Offer of Judgment in the amount of $300,000.

20.   Between February 25 and March 4, 2021, the plaintiff's case against Weston and Interstate was tried before a three-judge-panel in Middlesex Superior Court.

21.   As part of that trial, the plaintiff entered into a stipulation limiting the time period for his pain and suffering due to an unrelated injury to his legs which occurred on November 9, 2019. Had Zurich properly adjusted the September 12, 2014 claim in a timely fashion, there would have been no limitation on the plaintiff's pain and suffering damages as the claim should have settled prior to the subsequent injury of November 9, 2019.

22.   On March 4, 2021, the three-judge-panel rendered a verdict in favor of the plaintiff finding Weston 90% at fault (the parties had agreed that any liability of Weston would be imputed to Interstate based on principles of *respondeat superior*) and the plaintiff 10% at fault.

23.   The three-judge-panel found damages in the amount of $1,068,944.21, which when reduced for the plaintiff's comparative fault and then increased by roughly 47.5 months of statutory interest, brought the judgment total to $1,420,679.13.


COUNT I – VIOLATION OF M.G.L. CHAPTERS 93A AND 176D

24.   The plaintiff realleges and reasserts the allegations set forth in Paragraphs 1-23 above as if fully set forth herein.

25.   On March 5, 2021, the plaintiff sent a MGL 93A/176D letter to Zurich, certified mail, return receipt requested, setting forth a detailed summary of the allegations of unfair and deceptive practices committed by Zurich as well as Zurich's willful and knowing violation of MGL Chapter 93A.

26.   A true and accurate copy of the plaintiff's demand pursuant to MGL Chapter 93A dated March 5, 2021 s attached hereto as Exhibit A.

27. By letter dated April 2, 2021, Zurich responded to the plaintiff's demand and failed to make a reasonable offer of settlement as to the MGL 93A/176D allegations by offering $70,000.

28. Zurich has committed the following unfair and deceptive acts and practices in its handling of the plaintiff's claims, including acts identified as unfair claim practices under MGL c. 176D, section 3(9);

   a. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   c. Failing to effectuate prompt, fair, and equitable settlement of plaintiff's claim in which liability had become reasonably clear;

   d. Forcing the plaintiff to file suit and ultimately try a case in which liability had become reasonably clear;

   e. Failing to provide the accurate insurance coverage information to the plaintiff;

   f. Tendering an unreasonably inadequate offer in settlement of plaintiff's claim.

29. The unfair and deceptive practices of Zurich were made willfully and in knowing violation of MGL c. 93A and MGL c. 176D.

30. As a result of the unfair and deceptive practices and willful and knowing violations of MGL c. 93A, the plaintiff was deprived of the opportunity to engage in a timely settlement process and deprived of insurance benefits, his losses have been exacerbated, he has been otherwise damaged, and the Court should award plaintiff treble damages, plus attorneys' fees, interest and costs.

WHEREFORE, the plaintiff demands that judgment enter against the defendant, Zurich American Insurance Company, in an amount deemed just and proper, treble damages and attorney's fees pursuant to MGL c. 93A and 176D, costs and interest, and such other relief as the Court deems just.

> The Plaintiff,
> JUSTIN URBAN,
> By his Attorneys,
>
> */s/ Richard J. Sullivan*
>
> _____
> Richard J. Sullivan, Esq., BBO# 554085
> SULLIVAN & SULLIVAN, LLP
> 83 Walnut Street
> Wellesley, MA  02481
> (781) 263-9400
> rsullivan@sullivanllp.com

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>2181CV01106 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Urban, Justin vs. Zurich American Insurance Company | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO:  File Copy<br><br>     , | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/16/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 09/20/2021 | |
| All motions under MRCP 12, 19, and 20 | 09/20/2021 | 10/18/2021 | 11/17/2021 |
| All motions under MRCP 15 | 09/20/2021 | 10/18/2021 | 11/15/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/17/2022 | | |
| All motions under MRCP 56 | 04/18/2022 | 05/16/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/13/2022 |
| Case shall be resolved and judgment shall issue by | | | 05/22/2023 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br><br>05/21/2021 | ASSISTANT CLERK<br><br>**Matthew Day** | | PHONE |
|---|---|---|---|

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. NO. 2181 CV 01106

JUSTIN URBAN,
      Plaintiff

v.

ZURICH AMERICAN INSURANCE
COMPANY,
      Defendant

      )
      )
      )
      )
      )
      )
      )
      )
      )

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY**

The plaintiff, Justin Urban ("the plaintiff"), pursuant to Rule 34 of the Massachusetts

Rules of Civil Procedure, requests the defendant, Zurich American Insurance Company

("Zurich"), to produce the following items for inspection and copying.  Items are requested to be

produced at the office of Richard J. Sullivan, Esq., Sullivan & Sullivan, LLP, 83 Walnut Street,

Wellesley, MA, in or within thirty (30) days from this date unless some other time and place is

mutually agreed upon by the parties.

This demand is to include all after-acquired documents of this type made reference to in

the request.  Zurich is, therefore, requested to update their production of documents by

forwarding copies to counsel for the plaintiff or putting the plaintiff on notice as to any such

newly acquired material.

If Zurich claims any privilege or immunity from discovery with regard to any documents

sought herein, then please provide the following information as to each document to which such

claim is made:

a.      its date;
b.      the name and address of its maker;
c.      the name and address of each person listed as an addressee;
d.      the name and address of each person who has seen or reviewed each such document;
e.      a brief description of its subject matter;
f.      the nature of the privilege or immunity claimed; and
g.      a summary of all facts and circumstances upon which such claim is based.

For purposes of these discovery requests, the terms "the claim" and "the case" refers to

bodily injury claim/case brought by Justin Urban against the Zurich insureds, Keith Weston

("Weston") and Interstate Electrical Services Corp. ("Interstate") stemming from a September

12, 2014 motor vehicle incident in Billerica, Massachusetts.

## DOCUMENTS REQUESTED

1.      The complete Zurich policy (or policies) which provided coverage to Weston and/or
        Interstate for the September 12, 2014 motor vehicle incident involving the plaintiff.

2.      Zurich's complete claim file concerning the bodily injury claim of the plaintiff
        resulting from the September 12, 2014 motor vehicle incident.

3.      All excess insurance policies which were in effect as of September 12, 2014 that
        provided coverage to Weston and/or Interstate for the bodily injury claim of the
        plaintiff resulting from the September 12, 2014 motor vehicle incident.

4.      All witness statements and/or notes of statements made by witnesses obtained by
        Zurich or anyone acting on Zurich's behalf from any source concerning any of the
        allegations or events relating to the plaintiff's bodily injury claim resulting from the
        September 12, 2014 motor vehicle incident.

5.      All communication between Zurich and any other party concerning the plaintiff and
        his bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

6.      All documents concerning Zurich's investigation of the plaintiff's bodily injury claim
        resulting from the September 12, 2014 motor vehicle incident.

7.      All documents concerning meetings, discussions or conferences regarding the
        plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle
        incident, including without limitation, minutes, notes, and calendars of participants
        and attendees.

8.      All employee handbooks governing the conduct of Zurich claims representatives from
        2011 to the present.

9.     All policy manuals, statements, standards, memoranda, bulletins or other documents concerning policies and procedures for Zurich's the handling/processing of bodily injury claims from 2011 to the present.

10.    All policy manuals, statements, standards, memoranda, bulletins or other documents concerning policies and procedures for Zurich's setting of reserves of bodily injury claims from 2011 to the present.

11.    All policy manuals, statements, standards, memoranda, bulletins or other documents concerning policies and procedures for Zurich's settling of bodily injury claims from 2011 to the present.

12.    All claims department manuals, policies, procedures, bulletins, forms, and training materials from 2011 to the present.

13.    Zurich's claim notes (running notes) and all entries into the Zurich file regarding plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

14.    All documents concerning Zurich's internal claim review policies from 2011 to the present.

15.    All documents concerning Zurich's internal settlement practices from 2011 to the present.

16.    All documents concerning Zurich's internal reserve setting policies practices from 2011 to the present

17.    All documents concerning any reserves set for the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

18.    All documents concerning any reserves changes/adjustments for the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

19.    The personnel file and all performance reviews of the Claims Representative(s) responsible for the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

20.    Zurich's document retention policy(ies) in effect from September 12, 2014 to the present.

21.    Any litigation hold(s) issued by Zurich in connection with this litigation and/or the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

22.   Any and all document which show when Zurich became aware of any excess insurance policies that would provide coverage for the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

23.   Any and all documents reviewed by Zurich to make its February 23, 2017 offer of $100,000 to the plaintiff.

24.   Any and all documents reviewed by Zurich to make its February 11, 2021 offer of judgment of $300,000 to the plaintiff.

25.   Any and all medical expert analysis and/or opinions that Zurich relied on at any point in the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

26.   Any and all liability expert analysis and/or opinions that Zurich relied on at any point in the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

27.   Any and all accident reconstructionist analysis and/or opinions that Zurich relied on at any point in the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

28.   Copies of all bills and/invoices from any expert, vendor, investigator, or any other outside source used by Zurich in the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

29.   All documents which show the settlement authority levels of any Zurich claims representative who handled the plaintiff's bodily injury claim resulting from the September 12, 2014.

30.   All documents which detail the reasons for Zurich's decision to go forward with the trial of the plaintiff's bodily injury claim resulting from the September 12, 2014 motor vehicle incident.

31.   All documents concerning Zurich's proceeding to trial policies from 2011 to the present.

32.   All medical documents in Zurich's possession which in any way call into the question the injuries sustained by the plaintiff in the September 12, 2014 motor vehicle incident.

—

The plaintiff,
JUSTIN URBAN,
By his attorneys
SULLIVAN & SULLIVAN, LLP

*/s/ Richard J. Sullivan*

Richard J. Sullivan, Esq., BBO#: 554085
83 Walnut Street
Wellesley, MA 02481
(781) 263-9400
rsullivan@sullivanllp.com

Dated:  May 26, 2021

5

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
C.A. NO. 2181 CV 01106

|  |  |
|---|---|
| JUSTIN URBAN,<br>            Plaintiff | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| ZURICH AMERICAN INSURANCE<br>COMPANY,<br>            Defendant | ) <br> ) <br> ) <br> ) |

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, ZURICH AMERICAN INSURANCE COMPANY**

The plaintiff, Justin Urban ("the plaintiff"), pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure, requests that the defendant, Zurich American Insurance Company ("Zurich"), serve its answers to the interrogatories hereinafter set forth upon counsel for the plaintiff, Richard J. Sullivan, Esq., Sullivan & Sullivan, LLP, 83 Walnut Street, Wellesley, MA 02481, within forty-five (45) days hereof.  If any interrogatory posed herein requires, in whole or in part, an answer that Zurich claims to be privileged, then please answer so much of the interrogatory that does not require information that the defendant claims to be privileged and please state the grounds upon which Zurich asserts such privilege.

For purposes of these discovery requests, the terms "the claim" and "the case" refers to bodily injury claim/case brought by Justin Urban against the Zurich insureds, Keith Weston ("Weston") and Interstate Electrical Services Corp. ("Interstate") stemming from a September 12, 2014 motor vehicle incident in Billerica, Massachusetts.

**INTERROGATORY NO. 1**

State your full name, date of birth, residential address, business address, occupation and the position that you hold with Zurich
.

**INTERROGATORY NO. 2**

Please identify any and all policies of insurance issued by Zurich to Weston and/or Interstate, and any amendments, endorsement, or riders thereto, and state their effective dates of coverage and benefit amounts.  Please attach a copy of any such policies and/or amendments, endorsements or riders to your responses

**INTERROGATORY NO. 3**

Please identify any and all excess policies of insurance that were in effect as of September 12, 2014 for the claim submitted by the plaintiff, by identifying the name and address of the insurer, the policy number, the claim number, the coverage amount, the claims representative(s) responsible for the claim, and on what date Zurich became aware any excess policy existed for Weston and/or Interstate.

**INTERROGATORY NO. 4**

Please identify any expert witness(es) whom you expect to call at trial in this matter and for each such witness: (1) state the subject matter on which the expert is expected to testify; and (2) summarize the grounds of each opinion.

**INTERROGATORY NO. 5**

Please identify all persons with knowledge concerning the facts and circumstances at issue in this dispute and summarize the general areas with regard to which you believe them to have relevant knowledge.

**INTERROGATORY NO. 6**

Please identify all claims representatives, managers, supervisors, investigators, attorneys, or other Zurich personnel, agents, representatives, consultants, or other persons acting on behalf of Zurich who were involved in any way in evaluating or responding to the plaintiff's claim regarding the September 12, 2014 motor vehicle incident.

**INTERROGATORY NO. 7**

Please the relationship between George Butler Adjusters, Inc. and Zurich when, on September 30, 2014, George Butler Adjusters, Inc. responded to the plaintiff's counsel's September 24, 2014 request for information on policies covering Weston and Interstate pursuant to MGL c. 175 section 112C.

2

**INTERROGATORY NO. 8**

Please describe in detail the evaluation process undertaken by Zurich in evaluating the plaintiff's demand letter of November 29, 2016, including identifying all Zurich employees and agents who worked on said evaluation.

**INTERROGATORY NO. 9**

Please state the Zurich claim reserve amounts at all times for the plaintiff's bodily injury claim stemming from the September 12, 2014 incident, during the period September 12, 2014 through March 4, 2021, including the dates and amounts of any changes during that period.

**INTERROGATORY NO. 10**

For any changes in the Zurich claim reserve amounts during the period indicated in the previous interrogatory, please identify any person(s) involved in the decision-making process and the reasons for any changes.

**INTERROGATORY NO. 11**

Please describe in detail any and all investigations undertaken by Zurich and/or its agents related to the plaintiff's bodily injury claim stemming from the September 12, 2014 incident.

**INTERROGATORY NO. 12**

Please state whether Zurich placed any excess insurance carrier on notice of the plaintiff's bodily injury claim stemming from the September 12, 2014 incident, and if so, please identify the date on which said notice was provided, to whom it was provided, and who from Zurich provided said notice.

**INTERROGATORY NO. 13**

Please state whether at any time between September 12, 2014 and March 4, 2021 whether any excess insurance carrier demanded that Zurich settle the plaintiff's bodily injury claim for an amount within the Zurich policy limit of $1 million.

**INTERROGATORY NO. 14**

Please describe in detail what, if anything, changed with respect to liability and/or damages between February 23, 2017 when Zurich offered $100,000 to the plaintiff on his bodily injury claim and February 11, 2021 when a Rule 68 Offer of Judgment was made in the amount of $300,000.

**INTERROGATORY NO. 15**

Please identify the person at Zurich who authorized the February 11, 2021 Rule 68 Offer of Judgment.

**INTERROGATORY NO. 16**

Did Zurich and/or its agents consult with any medical expert regarding the damages alleged by the plaintiff resulting from his September 12, 2014 motor vehicle incident?

**INTERROGATORY NO. 17**

If the answer to Interrogatory 17 is yes, please identify by name and address any and all medical experts consulted by name, address and date of consultation and please give a summary of the opinions of the expert(s).

**INTERROGATORY NO. 18**

Did Zurich and/or its agents consult with any liability expert and/or accident reconstructionist regarding the September 12, 2014 motor vehicle incident involving the plaintiff and the Zurich insured?

**INTERROGATORY NO. 19**

If the answer to Interrogatory 18 is yes, please identify by name and address any and all liability experts and/or accident reconstructionist consulted by name, address and date of consultation and please give a summary of the opinions of the expert(s) and/or reconstructionist.

**INTERROGATORY NO. 20**

Please identify by date and amount whether at any time between February 23, 2017 and February 11, 2021 whether Zurich was authorized to increase its $100,000 offer to the plaintiff, and if so, who authorized such offer(s).

**INTERROGATORY NO. 21**

Please identify by case name and docket number any and all lawsuits filed against Zurich alleging violations of MGL chapters 93A and 176D that have been filed in Massachusetts state or federal court from January 1, 2011 to the present.

**INTERROGATORY NO. 22**

Please describe in detail the bodily injury claims handling policies and procedures that were in effect at Zurich from September 12, 2014 through the present, including all changes to the policies and procedures that took place during that time period.

## INTERROGATORY NO. 23

Please state what Zurich believed to be the total amount of the plaintiff's damages as a result of the September 12, 2014 motor vehicle incident on the following dates: June 1, 2016, March 1, 2017, June 1, 2018, November 1, 2019, February 1, 2021, and March 4, 2021.

## INTERROGATORY NO. 24

Please state what Zurich believed to be the percentage of fault of Weston/Interstate as a result of the September 12, 2014 motor vehicle incident on the following dates: June 1, 2016, March 1, 2017, June 1, 2018, November 1, 2019, February 1, 2021, and March 4, 2021.

## INTERROGATORY NO. 25

Please state what Zurich believed to be the chances of a defense verdict on the plaintiff's bodily injury case as a result of the September 12, 2014 motor vehicle incident on the following dates: June 1, 2016, March 1, 2017, June 1, 2018, November 1, 2019, February 1, 2021, and March 4, 2021.

The plaintiff,
JUSTIN URBAN,
By his attorneys

SULLIVAN & SULLIVAN, LLP

*/s/ Richard J. Sullivan*

Richard J. Sullivan, Esq., BBO#: 554085
83 Walnut Street
Wellesley, MA 02481
(781) 263-9400
rsullivan@sullivanllp.com

Dated: May 26, 2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
C.A. NO. 2881CV01106

JUSTIN URBAN,

               Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY

               Defendant.

## ACCEPTANCE OF SERVICE

       Please take notice that Scarlett M. Rajbanshi, Esq. of Peabody & Arnold LLP, an attorney for the Defendant Zurich American Insurance Company, has been authorized to accept service on behalf of Zurich American Insurance Company and does hereby acknowledge receipt and service of a copy of the Civil Action Cover Sheet, Complaint, Tracking Order, Plaintiff's First Request for Production of Document Propounded to the Defendant, Zurich American Insurance Company, and Plaintiffs First Set of Interrogatories Propounded to Defendant, Zurich American Insurance Company in the above-entitled civil action for the Defendant Zurich American Insurance Company.  Service of the above is hereby acknowledged and accepted to have occurred as of July 16, 2021.

The Defendant,
ZURICH AMERICAN INSURANCE
COMPANY

By its attorneys,

_____
Scarlett M. Rajbanshi, BBO No. 666103
srajbanshi@peabodyarnold.com
PEABODY & ARNOLD LLP
600 Atlantic Avenue
Boston, MA  02210
617-951-2100

DATED:  July 16, 2021

1946508
15021-207018