UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUSTIN URBAN,<br><br>        Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 21-CV-11182-AK |

**MEMORANDUM AND ORDER ON PARTIES' POST-TRIAL MOTIONS
REGARDING THE FINAL DAMAGES AWARD**

**ANGEL KELLEY, D.J.**

In this post-trial posture, the parties present competing motions regarding the scope and calculation of damages. Plaintiff Justin Urban ("Urban") moves for costs, attorneys' fees, prejudgment interest, expert witness fees, and other litigation expenses [Dkt. 163] ("Urban's Motion") arising from this Court's finding that Defendant Zurich American Insurance Company ("Zurich") willfully violated Massachusetts consumer-protection and insurance statutes [Dkt. 162] ("Final Judgment"). Zurich moves to offset any award by the $1,420,679.13 it previously paid on the underlying tort judgment [Dkt. 164] ("Zurich's Motion"). For the reasons that follow, Zurich's Motion to offset is **GRANTED**, and Urban's Motion is **GRANTED IN PART**.

I. **BACKGROUND**

On September 12, 2014, in Billerica, Massachusetts, Urban was struck while riding his motorcycle by a van driven by an employee of Interstate Electrical Services Corporation ("Interstate"), which was insured by Zurich. Urban sustained severe injuries requiring prolonged

1

hospitalization. In March 2017, Urban sued the van driver and Interstate in Middlesex Superior Court. After a bench trial in early 2021, the state court awarded Urban $1,420,679.13 in compensatory damages, including nearly four years of prejudgment interest. Zurich satisfied that judgment on April 5, 2021.

Before paying the state-court award, Zurich received a pre-suit demand letter under Massachusetts General Laws Chapter 93A, Section 9 ("Chapter 93A"), the Massachusetts Consumer Protection Act, alleging unfair settlement practices in violation of Chapter 93A and Chapter 176D, Section 3(9), the Massachusetts insurance-claims statute. Zurich made a settlement offer, which Urban rejected, prompting this action. Following a bench trial in June 2024, this Court found that Zurich willfully violated both statutes by conducting a biased investigation and unreasonably delaying settlement, and awarded double damages in the amount of $2,841,358.26, plus attorneys' fees. [See Dkt. 162].

## II.    Zurich's Motion to Offset

Zurich seeks to reduce the statutory award of $2,841,358.26 by the $1,420,679.13 it paid to satisfy Urban's tort judgment. Urban opposes, arguing that his Chapter 93A and Chapter 176D claims address distinct injuries and that the doubled award is purely punitive relief for Zurich's bad-faith settlement conduct.

Massachusetts law permits offsets to avoid duplicative recovery for the same underlying harm. In Auto Flat Car Crushers, Inc. v. Hanover Ins. Co., the Supreme Judicial Court held that compensation for an underlying loss "has been treated as an offset against any damages ultimately awarded, rather than as a bar to recovery," aligning with Chapter 93A's remedial and punitive purposes. 469 Mass. 813, 824 (2014); see also Haddad Motor Grp., Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C., 603 F.3d 1, 7 n.7 (1st Cir. 2010) ("[O]ffsets . . . have been

applied by Massachusetts courts in Chapter 93A cases . . .").  Courts apply offsets after statutory multiplication when the prior payment covers the same injury.  See Friendly Fruit, Inc. v. Sodexho, Inc., 529 F. Supp. 2d 158, 166 (D. Mass. 2007) ("[C]ase law . . . indicates that a payment . . . is to be considered only at the conclusion of a damages calculation and after application of an appropriate multiple."); Chiulli v. Liberty Mut. Ins. Inc., 97 Mass. App. Ct. 248, 258, 146 N.E.3d 471, 481-82 (2020) (permitting an offset even the insurer was not a party to the original tort suit); Ameripride Linen & Apparel Servs., Inc. v. Eat Well, Inc., 65 Mass. App. Ct. 63, 71, 836 N.E.2d 1116, 1122-23 (2005) (stating a Chapter 93A plaintiff's damages should be multiplied first before applying an offset in order to effectuate punitive and remedial purposes of the state unfair trade practices statute).

Here, Zurich's payment of $1,420,679.13 fully compensated Urban for the injuries he suffered in the September 12, 2014 accident—the identical harm underpinning the doubled statutory award.  Applying an offset prevents double recovery without undermining the punitive component of Chapters 93A and 176D, and Massachusetts precedent focuses on the identity of the harm, not the form of the claim.  Accordingly, Zurich's Motion to offset is **GRANTED**, and Urban's recovery in this action shall be reduced by $1,420,679.13.

### III.    Urban's Motion for Fees and Costs

#### A.  Prejudgment Interest

Urban seeks prejudgment interest on the compensatory portion of the underlying judgment under M.G.L. c. 231, § 6B, which provides 12% per annum interest to compensate a plaintiff for the loss of use of money.  That statute authorizes interest only on actual (i.e., compensatory) damages, not on punitive or multiplied awards.  See McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 716-17, 563 N.E.2d 188, 196 (1990) (limiting § 6B interest to

compensatory damages); Makino, U.S.A., Inc. v. MetLife Capital Credit Corp., 25 Mass. App. Ct. 302, 320-22, 518 N.E.2d 519, 529-30 (1988) (same); Capitol Specialty Ins. Corp. v. Higgins, 953 F.3d 95, 112 (1st Cir. 2020) (applying § 6B in a diversity action). Zurich contends interest is unavailable because it already paid the tort judgment. Massachusetts courts treat the full amount of the underlying judgment—including any prejudgment interest—as actual damages subject to multiplication where a defendant's Chapter 93A violation is willful or knowing. See Anderson v. Nat'l Union Fire Ins. Co., 476 Mass. 377, 383-84, 67 N.E.3d 1232, 1238 (2017) (stating prejudgment interest serves to compensate the prevailing party for the time value of money that accrued before the resolution of the legal dispute); Rhodes v. AIG Domestic Claims, Inc., 461 Mass. 486, 500, 961 N.E.2d 1067, 1078-79 (2012) (holding prejudgment interest may be treated as actual damages in a willful Chapter 93A case); R.W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 79-84, 754 N.E.2d 668, 680-83 (2001) (holding that prejudgment interest is part of the judgment subject to multiplication under 93A when the court assesses punitive damages for a bad faith violation). The separate payment of that judgment does not bar Urban's statutory right to recover interest here. Zurich's reliance on Yeagle v. Aetna Casualty & Surety Co., 42 Mass. App. Ct. 650, 679 N.E.2d 248 (1997), is misplaced, as no judgment issued in that case. Here, Urban obtained a state-court judgment and the Court has found Zurich's conduct willful. Accordingly, Urban's request for prejudgment interest is **GRANTED**. The Court awards $570,686.81 (12% per annum on $1,420,679.13 from May 18, 2021, the date Urban filed his complaint, through October 3, 2024, the date of final judgment).

    **B. Attorneys' Fees**

    A prevailing Chapter 93A plaintiff is entitled to reasonable attorneys' fees and costs. See M.G.L. c. 93A, § 9(4). District courts "have considerable leeway in selecting fair and reasonable

attorney's fees." Michel v. Mayorkas, 68 F.4th 74, 81 (1st Cir. 2023) (internal quotation marks omitted). "An attorney's statement must support the fees requested and it is within the district court's broad discretion to 'separat[e] wheat from chaff.' " Id. (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008)). Fees should reflect what the services were "objectively worth." Sullivan v. Dumont Aircraft Charter, LLC, 695 F. Supp. 3d 173, 186 (D. Mass. 2023) (quoting Star Fin. Servs., Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 16 (1st Cir. 1996)). The court considers a variety of factors, including the amount of time expended, the complexity of the legal and factual issues, the quality of attorneys' services, the amount of damages, and results secured, but no single factor is necessarily dispositive of the services' worth. See Star Fin. Servs., Inc., 89 F.3d at 16. Courts routinely reduce fees for clerical work, duplicated effort, travel time billed at full rate, and block billing. See, e.g., id. (upholding a fee award reduction where "the simplicity of the case rendered the fees excessive and warranted a reduction for over-lawyering"); Pérez-Sosa v. Garland, 22 F.4th 312, 329-332 (1st Cir. 2022) (upholding a fee award reduction for vague entries and overbilling); Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015) (reaffirming that clerical and secretarial tasks should not "be billed at lawyers' rates, even if a lawyer performs them"); Castaneda-Castillo v. Holder, 723 F.3d 48, 80 (1st Cir. 2013) (re-emphasizing that the assignment of multiple attorneys to a single set of tasks should be regarded with "healthy skepticism"); Torres-Rivera, 524 F.3d at 340 (upholding a fee award reduction for vague entries and block billing); Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983) (approving a one-half rate for travel).

Urban seeks $234,760.00 for work performed by Attorneys Richard Sullivan, Robert Turner, and James McLaughlin of Sullivan & Sullivan LLP. The Court previously ruled that Urban is entitled to fees. [Dkt. 162 at 42]. Zurich does not contest Turner's rate ($500/hr.) or

5

McLaughlin's ($350/hr.) rates, but objects to Sullivan's $800/hour rate as excessive and to billing practices (billing of clerical or administrative tasks at attorney rates, duplicative entries among counsel, full rate billing for travel time, block billing that obscures task-level detail, and the lack of novel legal issues justifying extensive hours).  The Court finds that Attorney Sullivan's rate of $800/hour exceeds the prevailing Boston range.  See Swenson v. Mobilityless, LLC, No. 3:19-30168-MGM, 2023 WL 5979407, at *6 (D. Mass. July 21, 2023).  While fact-intensive, this case presented no novel or complex legal issues.  His rate is reduced to $600/hour.  The Court excludes time for passive attendance and clerical tasks, reduces all travel time entries by 50%, and applies a 15% global reduction for pervasive block billing.  Thus, Urban's request for attorneys' fees is **GRANTED IN PART** and, after adjustments, the Court awards attorneys' fees in the amount of $138,817.75.

### C. Expert Witness Fees

Expert fees are discretionary in Chapter 93A actions to further remedial and deterrent purposes.  See Maillet v. ATF-Davidson Co., Inc., 407 Mass. 185, 194, 552 N.E.2d 95, 100-01 (1990); Waldman v. American Honda Motor Co., Inc., 413 Mass. 320, 323, 597 N.E.2d 404, 407 (1992).  The award is discretionary, and the court is guided by factors including the time spent by the expert in testimony, the number of appearances, preparation time, the degree of learning and skill possessed by that witness, and helpfulness to the factfinder.  See Linthicum v. Archambault, 379 Mass. 381, 390, 398 N.E.2d 482, 488 n.14 (1979), abrogated on other grounds by Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 418 Mass. 737, 640 N.E.2d 1101 (1994).

Urban seeks $20,825.00 for Thomas Bond (44 hours at $475/hr.) and $17,995.00 for Scott Gowen (51.3 hours at $350/hr.).  Zurich contends that Bond's testimony was minimally referenced and that his billing uses block entries lacking task-level detail.  Indeed, Bond's participation was not reflected in the Final Judgment, and the billing documentation he submitted

6

is unsupported. Accordingly, the Court finds Bond's request unsupported and **DENIES** it. Gowen's analysis informed the willfulness finding but was limited in scope. Balancing proportionality, the Court **GRANTS IN PART** Gowen's fees and **AWARDS** one-half of his request: $8,997.50.

### D. Litigation Costs

Under Chapter 93A, reasonable filing fees and transcript expenses are recoverable. Urban submitted unopposed receipts totaling $3,633.83. The Court finds these costs necessary and **GRANTS** them in full.

## IV. CONCLUSION & FINAL AWARD

For the foregoing reasons, the Court:

- **GRANTS** Zurich's Motion [Dkt. 164], reducing statutory damages by $1,420,679.13;
- **GRANTS IN PART** Urban's Motion [Dkt. 163]; and
- **AWARDS** Urban the following:
    - $1,420,679.13 in net statutory damages,
    - $570,686.81 in prejudgment interest,
    - $138,817.75 in attorneys' fees,
    - $8,997.50 in expert witness fees, and
    - $3,633.83 in litigation costs.

The total award is **$2,142,815.02**. The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Dated: July 17, 2025

/s/ Angel Kelley  
Hon. Angel Kelley  
United States District Judge